***NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER***

**Electronically Filed
Supreme Court
SCWC-12-0000840
28-JAN-2016
01:59 PM**

SCWC-12-0000840

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

STATE OF HAWAI'I,
Respondent/Plaintiff-Appellee,

vs.

ANDREW E. SHIMKUS,
Petitioner/Defendant-Appellant.

_____

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-12-0000840; CASE NO. 1DTA-12-00225)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ.,
with Wilson, J., concurring separately,
and Nakayama, J., dissenting separately,
with whom Recktenwald, C.J., joins)

Petitioner/Defendant-Appellant Andrew E. Shimkus seeks

review of the Intermediate Court of Appeals' (ICA) July 16, 2014

Judgment on Appeal, entered pursuant to its May 23, 2014 Summary

Disposition Order, which affirmed the District Court of the

First Circuit's (district court) September 13, 2012 Notice of

Entry of Judgment and/or Order and Plea/Judgment (district court

judgment).[1]  The district court found Shimkus guilty of Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawai'i Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2010).[2]  This court accepted Shimkus's Application for Writ of Certiorari, and we now vacate the ICA's Judgment on Appeal and the district court judgment and remand the case to the district court for further proceedings.

After being arrested for OVUII, Shimkus was taken to the police station, where he was read an implied consent form.[3]

---

[1]    The Honorable Shirley M. Kawamura presided.

[2]    HRS § 291E-61(a)(3) (Supp. 2010) provides in relevant part:

(a)    A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

     (3)    With .08 or more grams of alcohol per two hundred ten liters of breath. . . .

[3]    The form read in relevant part:

1. ___  Any person who operates a vehicle upon a public way, street, road, or highway or on or in the waters of the State shall be deemed to have given consent to a test or tests for the purpose of determining alcohol concentration or drug content of the persons [sic] breath, blood or urine as applicable.

2. ___  You are not entitled to an attorney before you submit to any tests [sic] or tests to determine your alcohol and/or drug content.

3. ___  You may refuse to submit to a breath or blood test, or both for the purpose of determining alcohol concentration and/or blood or urine test, or both for the purpose of determining drug content, none shall be given [sic], except as provided in section 291E-21.  However, if you refuse to submit

(continued . . .)

Shimkus elected to take a breath test, which resulted in a breath alcohol content reading of 0.178 grams of alcohol per 210 liters of breath.  In his motion to suppress the breath test results before the district court and on certiorari, Shimkus contends that (1) his Miranda rights under Article I, Section 10 of the Hawai'i Constitution were violated when, while in custody, he was asked by the police, without Miranda warnings, if he wanted to refuse to take a blood alcohol test, which was likely to incriminate himself; (2) his statutory right to an attorney was violated; and (3) the wording of the implied consent form misinformed Shimkus of the sanctions.[4]

In State v. Won, 136 Hawai'i 292, 312, 361 P.3d 1195, 1215 (2015), we held that "coercion engendered by the Implied Consent Form runs afoul of the constitutional mandate that waiver of a constitutional right may only be the result of a free and unconstrained choice," and, thus, a defendant's

_____

(. . . continued)

> to a breath, blood, or urine test, you shall be subject to up to thirty days imprisonment and/or fine up to $1,000 or the sanctions of 291E-65, if applicable.  In addition, you shall also be subject to the procedures and sanctions under chapter 291E, part III.

[4]     Included in this third argument raised before the district court and the ICA, Shimkus contended that the police officers' warnings and advisements based on the implied consent form were coercive and that he did not knowingly and voluntarily submit to the breath alcohol testing.  The district court denied his motion to suppress, and the ICA affirmed the district court's ruling.

decision to submit to testing after being read the implied consent form "is invalid as a waiver of his right not to be searched." In accordance with State v. Won, the result of Shimkus's breath test was the product of a warrantless search, and the ICA erred by concluding that the district court properly denied Shimkus's motion to suppress the breath test result. Accordingly, Shimkus's OVUII conviction cannot be upheld.

IT IS HEREBY ORDERED that the ICA's July 16, 2014 Judgment on Appeal and the district court judgment are vacated, and the case is remanded to the district court for further proceedings consistent with this court's opinion in State v. Won.

DATED: Honolulu, Hawai'i, January 28, 2016.

Jonathan Burge
for petitioner

Brian R. Vincent
for respondent

Robert T. Nakatsuji
for amicus curiae
Attorney General of
the State of Hawai'i

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson

